UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAY WELLMAN, ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | |
| v. ) | 1:14-CV-01381-LTW |
| ) | |
| XERIOM, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Jay Wellman ("Plaintiff" or "Wellman") and Defendant Xeriom, Inc. ("Defendant" or "Xeriom"), jointly request that this Court approve the parties' settlement of the above captioned matter. This is a Fair Labor Standards Act and/or breach of contract case, and this Joint Motion is filed pursuant to *Lynn's Foods Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) and *Silva v. Miller*, 307 Fed. Appx. 349 (11th Cir. 2009). Because certain of Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"), the parties' settlement must be approved by this Court and said approval must be entered as a stipulated final judgment. The parties jointly agree and propose to this Court that their settlement is a "fair and reasonable resolution of a bona fide dispute over

FLSA provisions." *Lynn's Food Stores, Inc*, 679 F.2d at 1355. In support of their motion, the parties show as follows:

### I.     Legal Principles

Pursuant to the case law regarding the settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, Section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. Second, in the context of a private lawsuit brought by an alleged employee against an alleged employer under Section 216(b) of the FLSA (such as this one), an alleged employee may settle and release FLSA claims against an alleged employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *See id.*

In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus,

> when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc*, 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the parties' settlement to resolve and release Plaintiff's FLSA and other claims against Defendant.  The proposed settlement arises out of an action brought by the Plaintiff against the Company with which he formerly worked, which was adversarial in nature.  During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The parties agree that the instant action involves disputed issues.  The parties further agree that the settlement negotiated and reached by the parties reflects a reasonable compromise of the disputed issues.  Plaintiff and his counsel discussed Plaintiff's alleged overtime hours and pay rate and formulated their own proposed settlement figures.  The parties then engaged in settlement discussions, based upon their independent calculations.  The parties, through their attorneys, acted at arms' length and in good faith voluntarily agreed to the terms of the settlement during

negotiations. Defendant denies that Plaintiff was ever its employee or that he is owed wages, overtime payments, exemplary damages, attorneys' fees, or any other amounts, but agrees to the terms of the settlement agreement for purposes of resolving this action and to avoid further expenses associated with continued litigation. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

## II. Facts of the Case

On May 7, 2014, Plaintiff filed an action against Defendant alleging that he was a non-exempt employee of Defendant and was entitled to unpaid overtime compensation. (Doc. 1). Subsequently, Defendant filed an Answer to Plaintiff's Complaint on May 20, 2014, denying that Plaintiff was its employee or was entitled to any overtime compensation and denying all allegations of wrongdoing or liability. (Doc. 5). The parties engaged in written discovery. Thereafter, arms-length negotiations occurred, and the parties reached a settlement in which both sides compromised their positions order to avoid any continued litigation.

## III. Terms of the Settlement

The terms of the Settlement Agreement and General Release between the parties is provided to the Court under separate cover. If approved, the Settlement Agreement and Release will provide Plaintiff with monetary consideration without

the risk that he will recover nothing in this action or that any verdict would be overturned on motion or appeal by Defendant. Further, the parties negotiated an agreement as to the Plaintiff's recovery separately from the consideration of the fees of plaintiff's counsel. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009) (indicating that, if the plaintiff's recovery is negotiated independently from the matter of the amount of a reasonable attorney's fee, there is greater assurance that the lawyer's fee has not influenced the amount to be recovered by the plaintiff).

WHEREFORE, Plaintiff Jay Wellman and Defendant Xeriom, Inc. respectfully request that this Honorable Court review the Settlement Agreement between the parties and enter an Order, (i) approving the settlement of this matter and (ii) dismissing this action with prejudice.

Respectfully submitted this 13th day of November, 2014.

COHAN LAW GROUP, LLC

| | |
|---|---|
| 3340 Peachtree Road, N.E. | */s/ Louis R. Cohan*_____ |
| Suite 2570 | (*by Matthew W. Clarke with express permission*) |
| Atlanta, Georgia 30326 | Louis R. Cohan |
| Telephone: (404) 891-1770 | Georgia Bar No. 173357 |
| Facsimile: (404) 891-5094 | Michelle L. Wein |
| lcohan@cohanlawgroup.com | Georgia Bar No. 385424 |
| mwein@cohanlawgroup.com | *Attorneys for Plaintiff* |

|  |  |
|---|---|
|  | SMITH, GAMBRELL & RUSSELL, LLP |
| Suite 3100, Promenade |  |
| 1230 Peachtree Street, N.E. | */s/ Matthew W. Clarke*_____ |
| Atlanta, Georgia 30309-3592 | Matthew W. Clarke |
| Telephone: (404) 815-3500 | Georgia Bar No. 127430 |
| Facsimile: (404) 815-3509 | Margaret F. DeLockery |
| mclarke@sgrlaw.com | Georgia Bar No. 973113 |
| mdelockery@sgrlaw.com | *Attorneys for Defendant* |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JAY WELLMAN,** | ) |
| | ) **CIVIL ACTION FILE NO.** |
| Plaintiff, | ) |
| v. | ) **1:14-CV-01381-LTW** |
| | ) |
| **XERIOM, INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW** was electronically filed with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

Louis R. Cohan
Michelle L. Wein
Cohan Law Group, LLC
3340 Peachtree Road, N.E.
Suite 2570
Atlanta, Georgia 30326

This 13th day of November, 2014.     SMITH, GAMBRELL & RUSSELL, LLP

     */s/ Matthew W. Clarke*_____
     Matthew W. Clarke
     Georgia Bar No. 127430